RECEIPT # 73553
AMOUNT $ 350.00
SUMMONS ISSUED Y
LOCAL RULE 4.1 -
WAIVER FORM -
MCF ISSUED -
BY DPTY. CLK. [signature]
DATE 7/7/2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2006 JUL -7 P 3:48
U.S. DISTRICT COURT
DISTRICT OF MASS.

PALOMAR MEDICAL TECHNOLOGIES, INC.,

Plaintiff,

v.

ALMA LASERS,

Defendant.

06 CA 11171 PBS

Civil Action No.

JURY DEMANDED

MAGISTRATE JUDGE Sorokin

**COMPLAINT**

**INTRODUCTION**

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**PARTIES**

2. Plaintiff Palomar Medical Technologies, Inc. ("Palomar") is a Delaware corporation with a principal place of business at 82 Cambridge Street, Burlington, Massachusetts 01830.

3. Upon information and belief, Defendant Alma Lasers ("Alma") is a Delaware corporation, with a principal place of business at 6555 NW 9th Avenue, Suite 303, Fort Lauderdale, Florida 33309.



US1DOCS 5736227v1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Palomar's claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this District under 28 U.S.C. §§ 1400(b). Alma has transacted business and committed acts of infringement in this District, and this action arises from the transaction of that business and infringement.

## FIRST CLAIM FOR RELIEF
(Patent Infringement)

6. Palomar is the exclusive licensee of U.S. Patent No. 5,595,568 ("the '568 patent") entitled "Permanent Hair Removal Using Optical Pulses," which is assigned to The General Hospital Corporation ("MGH"). The '568 patent was duly and legally issued on January 21, 1997.

7. Under U.S.C. ¶ 271(a) and (b), Alma has and continues to infringe and induce infringement of the '568 patent, including without limitation, by making, using, selling and offering for sale products using light-based technology for hair removal, including but not limited to the Harmony™, Sonata™, and Soprano™ systems.

8. Upon information and belief, Alma's infringement has been and continues to be willful and deliberate.

9. As a result of Alma's infringement, Palomar will suffer severe and irreparable harm, unless infringement is enjoined by this Court, and has suffered substantial damages.

**SECOND CLAIM FOR RELIEF**
(Patent Infringement)

10. Palomar is the exclusive licensee of U.S. Patent No. 5,735,844 ("the "844 patent"), entitled "Hair Removal Using Optical Pulses," which is assigned to MGH. The '844 patent was duly and legally issued on April 7, 1998.

11. Under U.S.C. ¶ 271(a) and (b), Alma has and continues to infringe and induce infringement of the '568 patent, including without limitation, by making, using, selling and offering for sale products using light-based technology for hair removal, including but not limited to the Harmony™, Sonata™, and Soprano™ systems.

12. Upon information and belief, Alma's infringement has been and continues to be willful and deliberate.

13. As a result of Alma's infringement, Palomar will suffer severe and irreparable harm, unless that infringement is enjoined by this Court, and has suffered substantial damages.

WHEREFORE, Palomar request that the Court:

14. Adjudge that Palomar is the exclusive licensee of the '568 patent with right to recovery thereunder, and that the '568 patent is good and valid in law and enforceable;

15. Adjudge that Alma has and continues to infringe and induce infringement of the '568 patent, and that such infringement has been willful and deliberate;

16. Preliminarily and permanently enjoin Alma, its officers, directors, employees, agents, licensees, successors, and assigns, and all persons in concert with them, from further infringement of the '568 patent;

17. Adjudge that Palomar is the exclusive licensee of the '844 patent with right to recovery thereunder, and that the '844 patent is good and valid in law and enforceable;

18. Adjudge that Alma has and continues to infringe and induce infringement of the '844 patent, and that such infringement has been willful and deliberate;

19. Preliminarily and permanently enjoin Alma, its officers, directors, employees, agents, licensees, successors, and assigns, and all persons in concert with them, from further infringement of the '844 patent;

20. Award Palomar compensatory damages;

21. Treble the damages assessed;

22. Award Palomar their costs and reasonable attorneys' fees; and

23. Award Palomar such other relief as the Court deems just and proper.

**PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted,

PALOMAR MEDICAL TECHNOLOGIES, INC. and THE GENERAL HOSPITAL CORPORATION

By their attorneys,

Wayne L. Stoner (BBO # 548015)
Vinita Ferrera (BBO # 631190)
Kate Saxton (BBO # 655903)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000
(617) 526-5000

Dated: July 7, 2006